UNITED STATES DISTRICT COURT                                                          JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 20-1580-JFW(Ex)**                                                     Date:  May 5, 2020

Title:   Shaya Michail -v- Foremost Insurance Company Grand Rapids, Michigan, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
           None                                                                  None

**PROCEEDINGS (IN CHAMBERS):**   ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER REMANDING REMOVED ACTION TO STATE COURT [filed 3/26/2020; Docket No. 20]

On March 26, 2020, Plaintiff Shaya Michail, Trustee, Michail Family Trust ("Plaintiff") filed a Motion for Order Remanding Removed Action to State Court ("Motion to Remand").  On April 6, 2020, Defendant Foremost Insurance Company Grand Rapids, Michigan ("Foremost") filed its Opposition.  On April 13, 2020, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's April 27, 2020 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

On January 13, 2020, Plaintiff filed a Complaint against Foremost and Does 1 through 50, alleging the following state law claims for relief: (1) breach of contract; (2) bad faith denial of claim; (3) conspiracy; (4) unfair claims practices; (5) breach of the implied covenant of good faith and fair dealing; and (6) violation of Cal. Bus. & Prof. Code § 17200.  On February 18, 2020, Foremost filed a Notice of Removal, alleging that this Court had diversity jurisdiction pursuant to 28 U.S.C. § 1331(a).  On February 25, 2020, Foremost filed an Answer to Plaintiff's Complaint.  On March 4, 2020, Plaintiff filed a First Amended Complaint "as a matter of course" pursuant to Federal Rule of Civil Procedure 15(a)(1), adding a non-diverse defendant (Joseph Edward Leicht) and adding a negligence claim for relief.

Federal Rule of Civil Procedure 15(a)(1) provides in relevant part: "A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  "Rule 15, however, does not apply when a plaintiff amends her complaint after removal to add a diversity

destroying defendant." *Forward-Rossi v. Jaguar Land Rover N. Am., LLC,* 2016 WL 3396925, at *2 (C.D. Cal. June 13, 2016. Instead, 28 U.S.C. § 1447(e) governs. Section 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The statute vests the district court with substantial discretion in determining whether joinder is appropriate. *See Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 691 (9th Cir. 1998).

Courts consider six factors in determining whether to permit joinder of a diversity-destroying defendant: (1) whether the party could be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude the plaintiffs from bringing an action against the party in state court; (3) whether there has been an unexplained delay in seeking joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) the merits of the claims against the party; and (6) the potential for prejudice. *See IBC Aviation Servies, Inc. v. Compania Mexicana de Aviacion, S.A.,* 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (collecting cases); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999); *see also Newcombe*, 157 F.3d at 691 (evaluation of joinder under § 1447(e) requires the court to "balance the equities" and consider the potential for prejudice to both parties). Not all factors must be considered. *See Righetti v. Shell Oil Co.*, 711 F. Supp. 531, 534-35 (N.D. Cal. 1989).(allowing joinder under Section 1447(e) where a motion was timely, the plaintiff had stated a "facially legitimate claim" against a non-diverse defendant, and no prejudice would result to the defendant from the joinder). If a court permits the joinder of a non-diverse defendant under Section 1447(e), it must remand the action to state court. 28 U.S.C. § 1447(e).

In this case, the Court concludes that permitting the joinder of Defendant Joseph Edward Leicht is appropriate because Plaintiff did not delay in filing her First Amended Complaint, she has stated a facially legitimate claim against Defendant Joseph Edward Leicht, and no prejudice would result to Foremost from the joinder. Accordingly, Plaintiff's Motion to Remand is **GRANTED**, and this action is **REMANDED** to Los Angeles County Superior Court. Plaintiff's request for fees and costs is **DENIED**.

IT IS SO ORDERED.